# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| DEMETRIO MORAN,<br><br>  Plaintiff,<br><br>  v.<br><br>WASHINGTON MUTUAL BANK,<br>JPMORGAN CHASE BANK, N.A.,<br><br>  Defendants. | Case No. 12-cv-04974 NC<br><br>**ORDER REFERRING ATTORNEY WENDELL J. JONES TO STANDING COMMITTEE ON PROFESSIONAL CONDUCT**<br><br>Re: Dkt. Nos. 9, 10 |

   On October 31, 2012, this Court issued an order requiring plaintiff's counsel, Wendell J. Jones, to show cause why he should not be sanctioned for his failure to file an opposition or statement of nonopposition to defendants' motion to dismiss. Dkt. No. 8.

   In his response to that order, Jones stated that he intended to file an amended complaint prior to the motion to dismiss hearing as "[i]t was my understanding that I could file the First Amended Complaint as a matter of right any time before the hearing date and I planned on filing it this week." Dkt. No. 10. Jones was incorrect in this assertion. Federal Rule of Civil Procedure 15(a)(1) allows a party to amend a pleading once "as a matter of course" within 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1)(B). Under Rule 15(a)(1), plaintiff's last day to file an amended complaint as a matter of right was October 26, 2012.

1  In his response, Jones further stated "I never file cases in Federal Court and if I
2 have misunderstood the pleading rules, I sincerely apologize but I must re-iterate that I
3 have not abandoned my client here and I was in no way trying to waste the courts time
4 and ignore the court's rules/order." Dkt. No. 10.  The Court notes that since 2010, Jones
5 has appeared on behalf of clients in at least 48 cases in the U.S. District Court for the
6 Northern District of California alone.  *See* N.D. Cal. ECF.

7  As stated in the Court's initial order to show cause, this case appears to be just
8 one of many in which attorney Jones has failed to respond to motions to dismiss or other
9 court orders.  In previously filed mortgage cases in this District and others, Jones has
10 repeatedly failed to prosecute actions he filed on behalf of clients.  *See, e.g.*, *Villar v.*
11 *Bank of America Corp.*, No. 10-cv-1910-KJM KJN (E.D. Cal. filed July 20, 2010) (Jones
12 failed to file an opposition or notice of nonopposition to defendant's motion to dismiss in
13 compliance with E.D. Cal. R. 230(c); court issued an order to show cause as to why
14 Jones should not be sanctioned; Jones did not respond to that order); *Khan v. World*
15 *Savings Bank, FSB*, No. 10-cv-04057 EJD, 2011 U.S. Dist. LEXIS 2442, 2011 WL
16 90765, at *1 (N.D. Cal. January 11, 2011) (Jones failed to file an opposition or statement
17 of nonopposition to defendants' motion to dismiss; failed to respond to the order to show
18 cause or appear at the order to show cause hearing; Jones ordered to pay $1,000 in
19 sanctions and to report the sanction to the state bar); *Rodriguez v. Bank of America*
20 *Corp.*, No. 11-cv-05134 TEH (N.D. Cal. filed October 19, 2011) (Jones filed no
21 response to defendant's motion to dismiss the first amended complaint; Jones did not
22 respond to the order to show cause as to why the case should not be dismissed; after the
23 court ordered Jones to appear before it and warned that if he failed, "the Court may order
24 the United States Marshal to locate Mr. Jones and bring him before the Court," Jones
25 assured the court that he has "the utmost respect for the judicial system and will make
26 sure that this type of oversight doesn't happen in the future.").

27  In a recent case before this district, *Zepeda v. Bank of America Corp.*, 12-cv-
28 03098 JSC (N.D. Cal. filed June 15, 2012), Jones again failed to file an opposition or

Case No. 12-cv-04974 NC
ORDER REFERRING ATTORNEY
TO STANDING COMMITTEE                    2

statement of nonopposition to defendants' motion to dismiss and failed to respond to the court's order to show cause why the case should not be dismissed. *See id.*, Dkt. No. 17. After issuance of a second order to show cause for why sanctions should not be imposed, Jones appeared at a hearing and represented that he would change his behavior. *See id.*, Dkt. No. 25. Magistrate Judge Corley ordered that, "while no sanctions will be imposed at this time, the Court cautions Mr. Jones that his continuing cases in this district will be monitored, and should he again fail to respond to motions or court orders, he will be referred to the Standing Committee on Professional Conduct, the Chief Judge, or another appropriate disciplinary authority in the Northern District (see L.R. 11-6 (a)) without another hearing or any further notice." *Id.*, Dkt. No. 25.

Although these other matters are not a basis for imposing monetary sanctions in this case, the Court is concerned that Jones has engaged in a troubling pattern and practice of failure to follow the Local Rules and to represent his clients professionally. As this Court has cause to believe that attorney Jones has engaged in unprofessional conduct for his repeated failures to abide by court orders and rules, the Court refers attorney Jones to the Standing Committee on Professional Conduct for the United States District Court for the Northern District of California for further investigation. *See* Civil L.R. 11-6(a)(4). The clerk must also provide a copy of this order to Chief Judge Claudia Wilken.

IT IS SO ORDERED.

DATED: November 13, 2012

_____
NATHANAEL M. COUSINS
United States Magistrate Judge